**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

IN THE MATTER OF AN APPLICATION                    **MEMORANDUM**
OF THE UNITED STATES OF AMERICA                    **AND ORDER**
FOR AN ORDER AUTHORIZING THE
DISCLOSURE OF LATITUDE AND                         08-Misc.-0298 (JO)
LONGITUDE DATA RELATING TO A                       08-Misc.-0299 (JO)
SPECIFIED WIRELESS TELEPHONE.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

In each of two separate sealed applications with similar captions, the government seeks

authorization, based on a showing of probable cause, to secure from a mobile telephone service

provider the latitude and longitude data disclosing the position, in real time, of the telephone

associated with a specific telephone subscriber.  The government seeks such authorization

"pursuant to Fed. R. Crim. [P.] 57(b) and 28 U.S.C. § 1651(a), in conformity with Fed. R. Crim.

P. 41 and 18 U.S.C. § 3117 to the extent applicable[.]"  Docket No. 08-Misc.-0299, Sealed

Affidavit In Support Application [sic] ("Aff.") at 1.[1]  In addition, the government seeks

"[a]uthorization under 18 U.S.C. § 3103a to the extent applicable, for good cause shown, not to

reveal the proposed order of disclosure until court-authorized eavesdropping materials in the

underlying criminal investigation are unsealed, and, in any event, no later than 365 days from the

date of the proposed order[.]"  *Id.*[2]  Finally, the government seeks an order directing the relevant

service provider not to disclose the existence of the requested order.

---

[1]  Unless otherwise noted, in each instance that I quote from the affidavit in one of the
applications, identical or similar language appears in the affidavit supporting the other
application as well.

[2]  The second application seeks a similarly lengthy delay, albeit one that is less precise about a
date certain on which the delay should end.

I have issued a separate sealed order authorizing the real-time tracking that the government requests, based on my determination that the application is supported by a showing of probable cause that suffices for purposes of the Fourth Amendment's warrant requirement and the provisions of Federal Rule of Criminal Procedure ("Rule") 41 that relate to tracking devices. I write this separate memorandum and order to explain in a public filing, albeit briefly, two matters: first, why I have denied the government's request for delayed notification and instead authorized such delay only to the extent permitted under Rule 41(f)(2)-(3); and second, why I have issued the order of authorization despite the fact that the government has not made all of the showings that would be required to obtain authorization to intercept the contents of electronic communications pursuant to 18 U.S.C. § 2518.[3]

A.      Delayed Notification

The surveillance technique in which the government seeks authorization to engage is one that plainly results in the surreptitious installation of a tracking device on the subject wireless telephone. Specifically, the service provider will send a triggering signal to subject telephone "unobtrusively, without alerting the user of that device[,]" that will cause the device, if powered on at the time, to transmit a response to the provider's network that discloses the device's longitude and latitude within a range of 50 meters (in two-thirds of all cases) to 150 meters (in 95 percent of all cases) according to an industry standard. *See* Aff. at 4-5**.** As such, the government seeks authorization to install and use "an electronic or mechanical device which permits the

_____

[3]  For reasons it would be inappropriate to discuss in this public document, I have reason to believe that there are exigent circumstances that require a resolution of this within a few hours of receiving the motion.  To the extent my necessarily quick analysis has overlooked relevant authority, I welcome any motion for reconsideration as may be warranted.

tracking of the movement of a person or object."  18 U.S.C. § 3117(b) (definition of "tracking device").[4]

Having determined that what the government seeks is the installation and use of a tracking device, I must follow the procedures set forth in Rule 41.[5]  That rule provides for return of the warrant and service on the person who was tracked (or whose property was tracked) within ten days after the use of the tracking device has ended.  *See* Fed. R. Crim. P. 41(f)(2)(B)-(C).  Further delay may be authorized pursuant to a statute.   *See* Fed. R. Crim. P. 41(f)(3).  Here, the government relies on the statutory authority of 28 U.S.C. § 3103a.  That statute authorizes such delay if (1) there is "reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result[;]" (2) "the warrant prohibits the seizure of

---

[4]  To the extent that the government might quarrel with my use of the verb "install" to describe the steps used to transform a wireless telephone into a tracking device, I note that it routinely uses the same verb, in the same way, to describe the process by which it seeks and obtains authorization to secure pen register information from wireless telephones.  Moreover, however much closer the issue might be under circumstances where the government merely seeks permission to take advantage of signals transmitted by an investigative subject's wireless telephone without any affirmative measures by the government, it is evident, as described above, that the government seeks authorization here to send a signal proactively to the user's mobile telephone which will turn it into the surveillance device the government wants without the need for any action by the user once the telephone is turned on.

[5]  Accordingly, in signing the proposed orders, which the government drafted and presented to me along with the supporting affidavits, I changed the government's proposed citation of authority from "pursuant to Fed. R. Crim. P. 57(b) and 28 U.S.C. § 1651(a), in conformity with Fed. R. Crim. P. 41 and 18 U.S.C. § 3117 to the extent applicable" to the more direct – and more accurate – formulation, "pursuant to Fed. R. Crim. P. 41 and 18 U.S.C. § 3117[.]"  The government's reliance on Rule 57(b) ("Procedure When There Is No Controlling Law") and the All Writs Act, 28 U.S.C. § 1651(a), are entirely inapposite where, as here, there is controlling legal authority.  To be sure, the All Writs Act is an appropriate source of authority – which I have invoked at the government's invitation – for an order directing the service provider to maintain the secrecy of the instant matter.  But that statute has no application with respect to the period for which the government's obligation to notify may be delayed, as the latter is governed by Section 3103a and Rule 41.

any tangible property, any wire or electronic communication ... or [with certain exceptions] any stored wire or electronic information, except where the court finds reasonable necessity for the seizure;" and (3) "the warrant provides for the giving of such notice within a reasonable period not to exceed 30 days after the date of its execution, or on a later date certain if the facts of the case justify a longer period of delay." 28 U.S.C. § 3103a(b)(1)-(3). A court may, "for good cause shown," order an extension of that period of delay, "limited to periods of 90 days or less, unless the facts of the case justify a longer period of delay." *Id*. § 3013a(c).

Here, the application for relief satisfies, at least implicitly, the first two of the quoted requirements. It makes no effort, however, to explain how delay longer than the initial 30 days, supplemented by the presumptively sufficient extension of 90 days, is needed to prevent any adverse result. Accordingly, pursuant to Rule 41 and Section 3103a, I may authorize a delay of notification of no more than 120 days following the execution of the warrant. Since the warrant in each case contemplates a 30-day period in which the surveillance may be conducted, I have authorized a delay of notification until November 6, 2008, or 120 days after the last day on which the surveillance is authorized.[6]

---

[6] In my haste to resolve these matters consistent with the exigencies mentioned above, I did not consider that the 90-day extension provision states that "extensions should only be granted upon an *updated* showing of the need for *further* delay[.]" 28 U.S.C. § 3103a(c) (emphasis added). Upon reflection, the better reading of the statute may be that the 90-day extension I ordered cannot be granted at the outset of the surveillance, but must instead await an "updated showing of the need for further delay" as the original 30-day deadline approaches. Because the government need not (and in certain circumstances as set forth in the relevant orders, may not) delay notification for the full 120-day period authorized in my order, I will not issue a revised order; however, in an exercise of caution, the government may wish to seek a renewal of authorization for delayed notification at the end of the first 30 days rather than risk a later finding that any longer delay could not properly be authorized in the initial order.

B.    Requirements Beyond A Showing of Probable Cause

In previous decisions concerning the availability of so-called "cell site" information on a real-time basis on a showing of less than probable cause, I have not had occasion to decide whether the kind of application now before me – seeking to accomplish real-time location tracking of mobile telephone user – requires the kind of showing required to obtain authorization to intercept the content of electronic communications. *See In the Matter of an Application of the United States for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device and (2) Authorizing Release of Subscriber Information And/or Cell Site Information*, 396 F. Supp. 2d 294, 324-25 & n.22 (E.D.N.Y. 2005) ("*Cell Site*").  The instant application requires me to make the decision I previously postponed.  While time constraints do not allow a full discussion of the merits, the crux of my reasoning is this:  the "super-warrant" requirements needed to secure the interception of the contents of electronic communications are a creature of statute, *see* 18 U.S.C. § 2518; the Fourth Amendment explicitly requires no more than a showing of probable cause.  While Congress is free to establish more exacting requirements than the probable cause showing that serves as a constitutional minimum in certain circumstances,[7] as it has done in the context of wiretaps, it is also free not to do so.  Absent any statute that creates a heightened standard applicable to the instant request – and I am aware of none, and the recent

---

[7]  I offer no view here as to whether the Fourth Amendment requires a showing of probable cause to secure a warrant for real-time tracking information.  That question was not before me in *Cell Site* and is not before me now.  *But see In the Matter of the Application of the United States of America for an Order Authorizing (1) Installation and Use of a Pen Register and Trap and Trace Device or Process, (2) Access to Customer Records, and (3) Cell Phone Tracking*, 441 F. Supp. 2d 816, 837 (S.D. Tex. 2006) (opining that the probable cause requirement for securing real-time cell site information arises not only from the best reading of the applicable statutes, but also from the theory of constitutional avoidance, on the ground that any other interpretation would raise substantial doubts about constitutionality).

amendment to Rule 41 suggests that there is none – the government need only show probable cause.

C.       Conclusion

For the reasons set forth above, I have granted the government's request for real-time surveillance of the longitude and latitude of certain wireless telephones on a showing of probable cause, and I have granted in part and denied in part the government's request to delay notification to the persons whose telephones will therefore be tracked.

**SO ORDERED.**

Dated: Brooklyn, New York
         June 9, 2008

                                                      /s/ James Orenstein
                                                      JAMES ORENSTEIN
                                                      U.S. Magistrate Judge